NUMBERS

 13-08-00737-CR

13-08-00738-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


GULIAN COBB, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 148th District Court 


of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 On December 1, 2008, appellant, Gulian Cobb, entered open pleas of guilty to two
offenses of the state jail felony of unauthorized use of a motor vehicle. (1) Appellant also
pleaded "true" to the State's enhancement allegation in the indictments. (2) After a hearing,
the trial court found appellant guilty of the underlying offenses, concluded that the
enhancement allegation was true, and sentenced him to six years' confinement for each
offense. The sentences would run concurrently. (3) The trial court certified appellant's right
to appeal in each case, and these appeals followed. We affirm in each case.

I. Anders Brief

 Pursuant to Anders v. California, (4) appellant's court-appointed appellate counsel has
filed a brief with this Court stating that, after examining the records in each case and
investigating all possible grounds of appeal, she has found no possible error and that
"[t]here are no issues to warrant an appeal of the adjudication and sentence of [a]ppellant." 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the records demonstrating why there are no arguable grounds
to be advanced on appeal in either case. (5)

 In compliance with High v. State, (6) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgments. Counsel has
(1) informed this Court that she has forwarded a copy of the brief and her request to
withdraw as counsel to appellant in both cases, (2) examined the records and found no
arguable grounds to advance on appeal, and (3) informed appellant of his right to review
the records and to file a pro se response in each case. (7) More than an adequate period of
time has passed, and appellant has not filed a pro se response in either case. (8)

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (9) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal in either case. (10) Accordingly, we affirm the judgments of the trial court in each
case.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (11) We grant counsel's motion to withdraw.

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for discretionary review. (12) 





Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

19th day of August, 2010
1. See Tex. Penal Code Ann. § 31.07 (Vernon 2003). Appellate cause number 13-08-737-CR is trial
court cause number 08-CR-3282-E; appellate cause number 13-08-738-CR is trial court cause number 08-CR-3426-E. Each offense had different victims.
2. In both indictments, the State alleged that appellant had previously been convicted of aggravated
robbery.
3. See id. § 12.35(c)(2)(A) (Vernon Supp. 2009) (providing that a person found guilty of a state jail
felony who has previously been convicted of an offense listed in article 42.12, section 3g of the code of
criminal procedure, including among other things, aggravated robbery, shall be punished for a third degree
felony); id. § 12.34(a) (Vernon Supp. 2009) (setting out the punishment range for a third degree felony is not
more than ten years or less than two years); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F)
(Vernon Supp. 2009).
4. 386 U.S. 738, 744 (1967).
5. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).
6. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
7. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State, 955
S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
8. See In re Schulman, 252 S.W.3d at 409.
9. Penson v. Ohio, 488 U.S. 75, 80 (1988).
10. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirement of Texas Rule of
Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
11. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous") (citations omitted)).
12. See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to
seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex.
R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.